DOMENGEAUX, Judge,
dissenting.
It is my opinion that the plaintiff has failed in his burden of proof. The clear, unequivocal, and uncontradicted evidence presented by the defendants is to the effect that no fences or gates were damaged or knocked down, nor were any gates left open during the time that the quiet operations were being performed on the leased property, and further that the cattle were docile and grazing normally without skittishness.
On the other hand, plaintiff’s case is based on speculation and conjecture. The plaintiff’s testimony seems to suggest, in theory, that the defendants’ employees must have knocked down the fences and gates, thereby allowing the cattle to escape, although one of plaintiff’s witnesses suggests that the cattle may have run through the barbed wire fences because they may have been frightened. A total overview of the record indicates to me that the plaintiff has not proven either supposition.
A perusal of the able trial judge’s reasons for judgment indicates that he did not decide the case on credibility, but rather on the defendants’ use of “a positive” to prove ’ “a negative.” I conclude that the defense witness’ testimony was positive and should be treated as such. The two employees, who were on the premises during the entire time of the operation, one of whom was always in the presence of the crew, both testified that none of the defendants’ employees knocked down or damaged the fences of the plaintiff, nor left the gates open and neither did they frighten the cattle so as to cause them to go through the fences. Their testimony that they did not do any of the things alleged by plaintiff is positive testimony. Defendants should not be penalized for what their witnesses saw, while the plaintiff benefits from something which neither he nor any of his witnesses saw.
Added to the overall uncertainty in this case is the fact that some of plaintiff’s cattle had previously escaped at other times. Additionally, plaintiff’s hand, Mr. Romero, indicated that there had been some cattle rustling going on in the area and that theft was a definite possibility. This possibility is bolstered by the testimony of plaintiff and his employees to the effect that the fifteen head of cattle missing in this case were not found. It is to be remembered, according to plaintiff’s evidence, that the cattle were missed less than twenty-four hours after the defendants’ employees left the premises. It is difficult to conceive, in that short period of time, that the cattle, or at least some of them, would not have been found in the area.
If plaintiff is to recover in this case, his recovery must be founded on the basis of circumstantial evidence. I submit that his proof is lacking in that respect.
For these reasons, I respectfully dissent.